██ In the Matter of HAROLD REAPE, Deceased. CARL HOLMES et al., Respondents; RONALD REAPE, Appellant. [974 NYS2d 496]—

In a contested proceeding for the administration of the estate of a decedent, the objectant Ronald Reape appeals from stated portions of an order of the Surrogate's Court, Kings County (López Torres, S.), dated December 15, 2011, which, inter alia, dismissed his objections, determined that Ronald Allen, Carol Holmes, and Harold Neal Rorie were the distributees of the decedent's estate, and appointed Carol Holmes and Harold Neal Rorie as coadministrators of the decedent's estate.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent, Harold Reape, died intestate on November 9, 2010, at his residence in Brooklyn, survived by 10 siblings, including the appellant Ronald Reape. The decedent was also survived by Carol Holmes, Harold Neal Rorie, and Ronald Allen, who claimed to be his nonmarital children. Holmes and Rorie each filed an amended petition for letters of administration. Affidavits were thereafter submitted from one of the decedent's

sisters and a family friend, who stated that the decedent openly acknowledged Carol Holmes as his daughter, and an additional affidavit was submitted from a nephew that the decedent openly acknowledged Holmes, Rorie, and Allen as his children. The decedent's siblings Vernell Reape and Gilbert Reape, and alleged nonmarital son Allen, filed objections to the amended petitions, claiming that Holmes and Rorie were not the decedent's children. However, Allen acknowledged in his objections that he was the "brother" of Carol Holmes. The appellant Ronald Reape, a brother of the decedent, filed an objection claiming that the decedent died without issue.

In the order appealed from, the Surrogate dismissed the objections filed by Vernell Reape, Gilbert Reape, Allen, and Ronald Reape, determined that Holmes, Rorie, and Allen were the distributees of the decedent's estate, and appointed Holmes and Rorie as coadministrators of the decedent's estate. Only the objectant Ronald Reape appeals.

As correctly noted by the Surrogate, the appellant, in his capacity as a sibling of the decedent, had no standing to raise objections unless he could be considered a distributee of the decedent's estate. Siblings, who are defined as issue of the decedent's parents, are only distributees if the decedent dies without issue (*see* EPTL 4-1.1 [a] [3]). If the decedent here was survived by any issue, the appellant, in his capacity as a sibling of the decedent, does not have standing as a person interested in the estate (*see* SCPA 103 [39]).

Since the decedent died after April 28, 2010, EPTL 4-1.2, as amended in 2010, is applicable (*see* L 2010, ch 64). That provision states, among other things, that a nonmarital child may inherit from his or her father and paternal kindred, if paternity was established during the decedent's lifetime or "paternity has been established by clear and convincing evidence, which may include, but is not limited to: (i) evidence derived from a genetic marker test, *or* (ii) evidence that the father openly and notoriously acknowledged the child as his own" (*id.* [emphasis added]). The affidavits in this case demonstrated that the decedent had at least one nonmarital child whom he openly and notoriously acknowledged as his own. As this Court noted in *Matter of Davis* (27 AD3d 124, 128 [2006], citing *Matter of Anne R. v Estate of Francis C.*, 234 AD2d 375, 376 [1996]), "[t]o establish an open and notorious acknowledgment of paternity, there is no requirement that the putative father disclose paternity to all his friends and relatives. An acknowledgment of paternity in the community in which the child lives is sufficient." Assuming the truth of the appellant's factual allegations, his claims merely

established that the decedent chose not to tell him about the decedent's nonmarital children, which was insufficient to affect their status as distributees.

Accordingly, the appellant has no standing to object to the amended petitions as a person interested in the decedent's estate, and the Surrogate's Court, therefore, correctly dismissed his objections. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.